UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LAUREN YOUNG<br><br>vs.<br><br>WOMEN'S CARE FLORIDA, LLC | Case No. |

## FAIR LABOR STANDARDS ACT COMPLAINT

LAUREN YOUNG ("YOUNG"), on behalf of herself, individually, sues defendant, WOMEN'S CARE FLORIDA, LLC ("DEFENDANT"), for damages due to Defendant's violation of the Fair Labor Standards Act (Fair Labor Standards Act), and avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. LAUREN YOUNG is *sui juris* and lives in Baker County Florida within the Middle District of Florida.

2. Defendant, Women's Care Florida, LLC, is a Florida limited liability company with a principal address at 4030 West Boy Scout Blvd., Suite 800, Tampa, FL 33607, within the Middle District of Florida.

3. The employment at issue was in Jacksonville, Duval County, Florida.

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this action arises under 29 U.S.C. §§ 206, 207 and 215, the Fair Labor Standards Act ("Fair Labor Standards Act").

5.      Venue is appropriate in this district because: (1) a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Florida, in Jacksonville, Duval County, Florida; and (2) the Defendant regularly conducts business in the Middle District of Florida, in Jacksonville, Duval County, Florida.

## GENERAL ALLEGATIONS

6.      Young, was an hourly non-exempt employee of Defendant from October 2022 until about April 12, 2024 ("Employment Term").

7.      Throughout the Employment Term, Young was a registered nurse ("RN") and held a Bachelor of science degree in nursing ("BSN") from the University of North Florida.

8.      Defendant serves women with high-risk pregnancies and other obstetrical and gynecological needs.

9.      During the Employment Term, Defendant required Young to respond to calls, in office and after office hours (i.e., when the office was closed).  Such calls are referred to herein as "patient calls," although they may include calls from patients, family members of patients, nonpatients, and individuals seeking to become patients of Defendant.

10.     Defendant maintained a calendar that assigned after office hours ("on-call hours") coverage to several employees, including Young.  Being "on-call" means engaged in on-call hours.

11. On a business day, on-call hours start at 4:15 pm, when calls to the office are forwarded to an answering service, and end the following day at 8am. On a weekend day or holiday, on-call hours start at 8:00am and end the following day at 8am.

12. Often, Young was assigned to provide on-call hours for an entire weekend, from 4:15 pm on Friday until 8:00 am on Monday morning.

13. Defendant provided, to Young, a Women's Care workstation with eClinicalWorks software for use while Young was on-call at home, to respond to patient calls. Defendant required Young to use the workstation at home to respond to the calls she received during on-call hours. The workstation was a micro form factor computer with separate monitor, keyboard, and mouse. The computer and monitor required 120-volt AC power. The workstation was not portable. The eClinicalWorks software requires an Internet connection. Defendant required Young to supply her own power and Internet connection for the workstation.

14. Defendant's answering service sent text messages to Young to alert her to each patient call.

15. Defendant instructed and required Young to respond to calls from patients promptly upon receipt of text messages from Defendant's answering service.

16. To respond to a patient call, Young first reviewed the patient's medical record information via the eClinicalWorks software.

17. Young responded to patients based upon the patient's medical history documented in their medical record on eClinicalWorks.

18. After reviewing the patient's medical record information, Young called the patient.

19. Young called patients using a GoTo phone app on Young's personal smartphone.

20. Young documented patient calls using the eClinicalWorks system.

21. After calling a patient, Young called the patient's healthcare provider only if needed.

22. Defendant tracked patient calls through the GoTo phone app

23. Young could not perform her on-call tasks at home without the Women's Care workstation and eClinicalWorks software.

24. Defendant required Young to use the Women's Care workstation at her home to complete on-call tasks.

25. During on-call hours, Young was restricted, unable to pursue other activities.

26. It was impossible for Young to predict when a call would come or how many calls would come while she was on-call.  Typically, Young received at least one call, and often more than one call, per on-call session.

27. To perform her duties, Young maintained attentiveness and remained nearby the Women's Care workstation throughout scheduled on-call hours.  She could not engage in activities that would compromise her attention to patient

4

calls. She could not engage in activities away from her home because of the need to access the Women's Care workstation to respond to calls and chart information from calls.

28. Young is entitled to be paid for her on-call hours because she was subject to substantial restrictions that limit her ability to use on-call time for personal purposes.

29. While Young performed her on-call duties at home, she was tethered to a non-portable computer workstation to access patient medical records and enter notes. This requirement severely restricted her ability to leave her home during on-call periods, as she had to be in the immediate vicinity of the workstation to fulfill her duties.

30. Young was required to respond promptly to patient calls, limiting her ability to engage in activities that would prevent her from returning calls immediately. The requirements to be constantly available and responsive during on-call hours, and to use the non-portable computer workstation to access patient medical records and enter notes, imposed a significant constraint on her freedom to use on-call time effectively for her own purposes.

31. While Young did not know in advance when calls would come in, the mere possibility of receiving patient calls that require prompt attention created a continuous duty during on-call hours. The uncertainty of when she would be needed restricted her ability to engage in personal activities.

32. Under the Fair Labor Standards Act, Young's on-call hours constituted "hours worked" at least because of the significant limitations imposed on her ability to use that time for personal activities. The restrictions on her geographic mobility, the requirement to respond to patient calls promptly, and the need to remain close to the workstation limited her ability to use on-call time for personal purposes.

33. Young is entitled to compensation at her regular hourly rate for all on-call hours worked up to 40 hours per week and overtime pay for all hours worked, including on-call time, in excess of 40 hours per week.

34. Defendant failed to pay Young at her hourly rate for on-call time up to 40 hours.

35. Defendant failed to pay Young overtime for on-call time in excess of 40 hours

36. Through the GoTo phone app and eClinicalWorks software, Defendant tracked the duration of patient calls and time spent charting during on-call hours. Defendant paid Young at her hourly rate only for the duration of the calls and time spent charting.  Defendant did not pay Young for all remaining on-call hours while Young was engaged to wait for patient calls, the vast majority of which exceeded 40 hours per workweek and required overtime compensation.

37. Defendant violated the Fair Labor Standards Act, 29 USC 206, 207, and 215.

## CONDITIONS PRECEDENT, ATTORNEYS' FEES, AND COSTS

38. Young has retained Mark Young, PA, to represent her in this action and is obligated to pay reasonable attorney's fees and costs for services rendered.

39. All Conditions precedent to this action have occurred, been satisfied, or waived.

## COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Young realleges the allegations contained in Paragraphs 1 through 39 above as if fully set forth herein.

41. Defendant supervised and created the on-call scheduling, which is the Fair Labor Standards Act violation at issue.

42. This is an action against Defendant for violations of the Fair Labor Standards Act, including 29 U.S.C. §§206, 207, 215 et. seq.

43. Defendant's violations of the Fair Labor Standards Act, including 29 U.S.C. §§206, 207, 215 et. seq., are willful violations.

44. During the entire length of Young's employment with Defendant, Young was not paid for on-call hours, except for actual time spent by Young on a call during on-call hours and actual time spent entering records of calls with patients in the eClinicalWorks software.  Such actual time spent by Young constituted only a small portion of on-call time.  Defendant did not pay Young for the remaining on-call time.

45. During the entire length of Young's employment with Defendant, Young was not paid for overtime for the hours worked in excess of forty per-week that Young worked during on-call hours, in violation of the Fair Labor Standards Act.

46. Defendant's actions were willful and purposeful, as they were well aware of the Fair Labor Standards Act's requirements to pay overtime and to pay for all hours worked by non-exempt employees such as Young.

47. None of the exemptions provided by the Fair Labor Standards Act regulating the duty of employers to pay employees at a time-and-a-half rate for all hours worked in excess of forty (40) in a given workweek are applicable to Defendant, Young.

## PRAYER FOR RELIEF

Young, pursuant to 29 U.S.C. § 216(b), prays this Court allow recovery from Defendants for:

- a) All unpaid hours up to 40 hours per workweek which are due;
- b) All unpaid overtime hours which are due;
- c) Compensation at time and a half, for all hours worked for which they were not compensated;
- d) An amount equal to the unpaid amounts owed as liquidated damages;
- e) The costs of this action; and
- f) Reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

Young demands a jury trial on all issues so triable.

Respectfully submitted this 29th Day of October 2024.

| | |
|---|---|
| Mark Young | Respectfully submitted, |
| MARK YOUNG, P.A. | |
| 1638 Camden Avenue | s/ Mark J. Young |
| Jacksonville, FL 32207 | Mark J. Young |
| Tel.: 904-996-8099 | Trial Counsel |
| Attorney for Plaintiff, Lauren Young | Fla. Bar No. 0078158 |
| | myoung@myoungpa.com |